## United States District Court for the District of Columbia

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil Action No. 1:08-cv-00059 ) |
| DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date __January 29,__ 2008

(Signature) _on behalf of Dennis M. DiSilorio_

__Richard M. Alexander__
(Printed name)

`Arnold & Porter LLP`
__555 12th St., NW, Wa__sh., D.C. 20004
(Address)

__richard_alexander@__aporter.com
(E-mail address)

__202-942-5728__
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**United States District Court for the District of Columbia**

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil Action No. 1:08-cv-00059 ) |
| DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date _January 29, 2008_

(Signature) _on behalf of Jack R. Bierschad_

Richard M. Alexander
(Printed name)

Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

richard_alexander@aporter.com
(E-mail address)

202-942-5728
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**United States District Court for the District of Columbia**

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil Action  No. 1:08-cv-00059 ) |
| DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date _January 29, 2008_

_(Signature)_

Richard M. Alexander
(Printed name)

Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

richard_alexander@aporter.com
(E-mail address)

202-942-5728
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**United States District Court for the District of Columbia**

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and<br>INTERARCH, INC., a New Jersey Corporation,<br><br>       Plaintiffs<br><br>v.<br><br>DENNIS M. DIFLORIO, JACK R. BERSHAD,<br>DONALD T. DIFRANCESCO, ROBERT D.<br>FALESE, MORTON N. KERR, JOSEPH<br>BUCKELEW, JOHN K. LLOYD, GEORGE E.<br>NORCROSS, III, DANIEL J. RAGONE,<br>WILLIAM A. SCHWARTZ, JR., and JOSEPH<br>S. VASSALLUZZO, in their official and<br>personal capacities, as Members of the Board of<br>Directors and/or Officers of Commerce Bancorp,<br>Inc., SCOTT HITE, COMMERCE BANCORP,<br>INC., a New Jersey Corporation, and<br>COMMERCE BANK, N.A., a Pennsylvania<br>Corporation,<br><br>       Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil Action  No. 1:08-cv-00059<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

       I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

       I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

       I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

       I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 28, 2008, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date __January 29__, 2008

_(Signature)_ _on behalf of Robert D. Falese_

Richard M. Alexander
(Printed name)
Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

richard_alexander@aporter.com
(E-mail address)

202-942-5728
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## United States District Court for the District of Columbia

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation,<br><br>       Plaintiffs<br><br>v.<br><br>DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation,<br><br>       Defendants | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:08-cv-00059<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 28, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date  January 29, 2008

(Signature)  on behalf of Morton N. Klein

Richard M. Alexander
(Printed name)

Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

richard_alexander@aporter.com
(E-mail address)

202-942-5728
(Telephone number)

## Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**United States District Court for the District of Columbia**

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil Action No. 1:08-cv-00059 ) |
| DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date ___January 29,  2008

*Rel. M. Al. (on behalf of Joseph Buchelew)*
(Signature)

Richard M. Alexander
(Printed name)

Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

richard_alexander@aporter.com
(E-mail address)

202-942-5728
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**United States District Court for the District of Columbia**

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation, | ) ) ) |
| Plaintiffs | ) |
| v. | ) Civil Action No. 1:08-cv-00059 ) |
| DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 28, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date __January 29,__ 2008

_____
(Signature)

Richard M. Alexander
(Printed name)

Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

richard_alexander@aporter.com
(E-mail address)

202-942-5728
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**United States District Court for the District of Columbia**

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) Civil Action No. 1:08-cv-00059 ) |
| DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date __January 29,__ 2008

_Ru M. Al___ on behalf of
_George C. Nolcross, III_
(Signature)

__Richard M. Alexander__
(Printed name)

Arnold & Porter LLP
_555 12th St., NW, Wash., D.C. 20004_
(Address)

_richard_alexander@aporter.com_
(E-mail address)

_202-942-5728_
(Telephone number)


### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**United States District Court for the District of Columbia**

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil Action  No. 1:08-cv-00059 ) |
| DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

       I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

       I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

       I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

       I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date ___January 29,__ 2008

*(Signature)*

Richard M. Alexander
(Printed name)

Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

_richard_alexander@aporter.com
(E-mail address)

_202-942-5728_____
(Telephone number)


### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## United States District Court for the District of Columbia

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation,<br><br>      Plaintiffs<br><br>v.<br><br>DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action  No. 1:08-cv-00059<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date _January 29, 2008

_____ on behalf of
(Signature)    William A. Schwartz, Jr.

Richard M. Alexander
(Printed name)
Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

richard_alexander@aporter.com
(E-mail address)

202-942-5728
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## United States District Court for the District of Columbia

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and<br>INTERARCH, INC., a New Jersey Corporation,<br><br>        Plaintiffs<br><br>v.<br><br>DENNIS M. DIFLORIO, JACK R. BERSHAD,<br>DONALD T. DIFRANCESCO, ROBERT D.<br>FALESE, MORTON N. KERR, JOSEPH<br>BUCKELEW, JOHN K. LLOYD, GEORGE E.<br>NORCROSS, III, DANIEL J. RAGONE,<br>WILLIAM A. SCHWARTZ, JR., and JOSEPH<br>S. VASSALLUZZO, in their official and<br>personal capacities, as Members of the Board of<br>Directors and/or Officers of Commerce Bancorp,<br>Inc., SCOTT HITE, COMMERCE BANCORP,<br>INC., a New Jersey Corporation, and<br>COMMERCE BANK, N.A., a Pennsylvania<br>Corporation,<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:08-cv-00059<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

       I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

       I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

       I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

       I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date __January 29, 2008__

_(Signature)_

on behalf of
Joseph D. Vasdallugge

Richard M. Alexander
(Printed name)

Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

richard_alexander@aporter.com
(E-mail address)

202-942-5728
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## United States District Court for the District of Columbia

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil Action No. 1:08-cv-00059 ) |
| DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date  January 29,  2008

*(Signature)* on behalf of
Scott Nitz

Richard M. Alexander
(Printed name)
Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

 richard_alexander@aporter.com
(E-mail address)

 202-942-5728
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## United States District Court for the District of Columbia

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation,<br><br>Plaintiffs<br><br>v.<br><br>DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil Action  No. 1:08-cv-00059<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date __January 29,__ 2008

_(Signature)_

Richard M. Alexander
(Printed name)
Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

_richard_alexander@aporter.com
(E-mail address)

202-942-5728
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## United States District Court for the District of Columbia

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation,<br><br>      Plaintiffs<br><br>v.<br><br>DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:08-cv-00059<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To Joseph L. Barloon:

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from January 18, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date _January 29, 2008_

_Richard M. Alexander_ on behalf of Commerce Bank, N.A.
(Signature)

Richard M. Alexander
(Printed name)
Arnold & Porter LLP
555 12th St., NW, Wash., D.C. 20004
(Address)

richard_alexander@aporter.com
(E-mail address)

202-942-5728
(Telephone number)

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the Untied States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## United States District Court for the District of Columbia

| | |
|---|---|
| VERNON W. HILL, II, SHIRLEY HILL, and INTERARCH, INC., a New Jersey Corporation, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil Action  No. 1:08-cv-00059 ) |
| DENNIS M. DIFLORIO, JACK R. BERSHAD, DONALD T. DIFRANCESCO, ROBERT D. FALESE, MORTON N. KERR, JOSEPH BUCKELEW, JOHN K. LLOYD, GEORGE E. NORCROSS, III, DANIEL J. RAGONE, WILLIAM A. SCHWARTZ, JR., and JOSEPH S. VASSALLUZZO, in their official and personal capacities, as Members of the Board of Directors and/or Officers of Commerce Bancorp, Inc., SCOTT HITE, COMMERCE BANCORP, INC., a New Jersey Corporation, and COMMERCE BANK, N.A., a Pennsylvania Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of this Certificate of Service and the following documents were deposited in the U.S. Mail on February 6, 2008, for delivery to Richard M. Alexander, Esq., counsel for Defendants, at Arnold & Porter LLP, 555 Twelfth Street, N.W., Washington, DC 20004:

- Waiver of the Service of Summons (executed on behalf of Dennis M. DiFlorio)

- Waiver of the Service of Summons (executed on behalf of Jack R. Bershad)

- Waiver of the Service of Summons (executed on behalf of Donald T. DiFrancesco)

- Waiver of the Service of Summons (executed on behalf of Robert D. Falese)

- Waiver of the Service of Summons (executed on behalf of Morton N. Kerr)

- Waiver of the Service of Summons (executed on behalf of Joseph Buckelew)

- Waiver of the Service of Summons (executed on behalf of John K. Lloyd)

- Waiver of the Service of Summons (executed on behalf of George E. Norcross, III)

- Waiver of the Service of Summons (executed on behalf of Daniel J. Ragone)

- Waiver of the Service of Summons (executed on behalf of William A. Schwartz, Jr.)

- Waiver of the Service of Summons (executed on behalf of Joseph S. Vassalluzzo)

- Waiver of the Service of Summons (executed on behalf of Scott Hite)

- Waiver of the Service of Summons (executed on behalf of Commerce Bancorp, Inc.)

- Waiver of the Service of Summons (executed on behalf of Commerce Bank, N.A.)

Joseph L. Barloon
Counsel for Plaintiff Vernon W. Hill, II
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005-2111
Tel: (202) 371-7322